UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

PHILIPS LIGHTING COMPANY, a
Division of Philips Electronics North America
Corp.

                              Plaintiff,

– against –

BARRY SCHNEIDER,

                              Defendant.

------------------------------------X

MEMORANDUM
AND ORDER

05 CV 4820 (SLT) (MDG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 2 6 2006 ★
P.M.
TIME A.M. ____

SANDRA L. TOWNES, District Judge

On October 11, 2005, Plaintiff filed this diversity action to collect sums Plaintiff claims are due under personal guaranties executed by defendant Barry Schneider ("Defendant" or "Schneider"). Defendant failed to file an Answer (or otherwise respond to the Complaint) within 20 days, as is required by Federal Rule of Civil Procedure 12(a), and Plaintiff thereafter requested that an entry of default be entered against both Defendant and then-existing defendant Theodore Schneider.[1] On January 25, 2006, the Clerk of the Court entered a default against Defendant. (Docket at 5.)

At an Initial Conference before Magistrate Judge Go on April 27, 2006, counsel for Theodore Schneider informed the court of his intent to represent Defendant. (Docket at 12.) Defendant thereafter filed a motion to vacate the default entered against him, arguing that he was not in receipt of Plaintiff's "nail and mail" service of process. Plaintiff's only objection to

---

[1] Plaintiff brought this action against Defendant Schneider as well as Theodore Schneider, who was subsequently dismissed from the action with prejudice. (See docket at 11.)

Defendant's motion is that Defendant's proposed order vacating the default entered against him conclusively states that Defendant "has meritorious defenses to the claims articulated in the Complaint."

## DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." To determine whether to vacate an entry of default, "the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent. . .the default will cause the nondefaulting party prejudice."[2] *Securities and Exch. Comm'n v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citation omitted); *see also Cablevision Sys. New York City Corp. v. Torres*, 2003 WL 22078938 (S.D.N.Y. Sept. 9, 2003) (granting motion for default where defendant failed to respond to complaint or proffer evidence in his defense and where there was no indication that any further action by plaintiff would elicit a response from defendant).

There is no support in the record for a finding that Defendant's default was willful. Defendant has submitted a declaration asserting that he did not receive the summons and complaint in this action. (Schneider Decl. ¶¶ 4-8.) Roberta Schneider, Defendant's wife, has also submitted a declaration, averring that she is currently suffering from breast cancer and was

---

[2] The factors used to determine whether an entry of default ought to be vacated are the same as those employed by this Circuit in determining whether a default judgment should be granted. *Compare McNulty*, 137 F.3d at 738 *with In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1138 (2d Cir. 1987).

2

at home alone during the day for the greater part of the month of November 2005, when attempts[3] were made to serve Defendant. (Roberta Schneider Decl. ¶¶ 5-10.) Mrs. Schneider alleges that she did not see any documents relating to this case affixed to her front door, or receive any in the mail during either November or December 2005. (Id.) Therefore, there is no indication in the record that Defendant's default was willful.

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. 'A defense is meritorious if it is good at law so as give the factfinder some determination to make.'" *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (citation omitted). In this instance, Defendant argues that he believes the guaranty was extinguished and released by Plaintiff in a written instrument in or around 1986 or 1987. (Schneider Decl. ¶¶ 10-11.) This argument presents an issue for this Court's determination.

---

[3] Defendant references two attempts Plaintiff alleges it made to serve him on November 9, 2005, and November 16, 2005, in addition to Plaintiff's attempted service by the "nail and mail" procedure on November 26, 2005. (Schneider Decl. ¶ 3.)

Given both the early stage of this litigation and Plaintiff's limited objection to Defendant's motion, it does not appear that Plaintiff will suffer prejudice if the Court vacates the default. Under these circumstances (and considering this Circuit's preference for resolution on the merits, *see Badian v. Brandaid Communications Corp.*, 2004 WL 1933573, *2 (S.D.N.Y. Aug. 30, 2004) (*quoting Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) ("The Second Circuit has made clear its preference that 'litigation disputes be resolved on the merits, not by default.'")), the Court hereby grants Defendant's motion. Service of the Complaint shall be deemed complete as of the date of this order, and Defendant shall serve his answer or otherwise respond to the complaint within twenty days of the date of this order.

The Clerk of the Court is directed to vacate the January 25, 2006 entry of default against Defendant.

SO ORDERED.

Dated: July 24, 2006
Brooklyn, NY

SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

4