UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PHILIPS LIGHTING COMPANY,
a division of Philips Electronics North America
Corporation,

                            Plaintiff,

      - against-

BARRY A. SCHNEIDER,

                            Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
05-cv-4820 (SLT) (MDG)

**TOWNES, United States District Judge:**

On July 2, 2014, this Court issued a memorandum and order (attached herein) denying Defendant Barry A. Schneider's second motion, pursuant to Rule 60 of the Federal Rules of Civil Procedure, to vacate this Court's order granting Plaintiff Philips Lighting Company ("Plaintiff" or "Philips") summary judgment and stay execution of judgment in connection with a 1985 agreement in which Schneider agreed to personally guarantee certain debts of Eltron Supply, Ltd. ("Eltron"). The Court reserved decision as to the amount of damages and requested further briefing because it appeared that Plaintiff pursued an inflated damages figure and the Court had not been fully apprised of amounts Plaintiff received from Eltron's bankruptcy estate in satisfaction of the debt. Having reviewed the subsequent factual submissions, the Court now grants Plaintiff's motion to modify the judgment pursuant to Rule 60(b)(5).

### A. *Principal Amount*

This Court has already concluded that Schneider is liable on half of the debt owed by Eltron. (Dkt. 39, September 30, 2008 Order at 12.) In Plaintiff's August 1, 2014 letter to the Court, Plaintiff maintains that Eltron's debt to it is $578,635.14. However, the evidence before the Court shows that on July 19, 2004, Plaintiff stipulated with Eltron's bankruptcy trustee that

1

Eltron owed it $468,635.14. (*See* Dkt. 99, July 2, 2014 Order, at 23.) Although Plaintiff has omitted any mention of this stipulation from its August 1, 2014 statement on damages, the stipulation itself is in the record. (Dkt. 78-6, July 1, 2009 Lebensfeld Decl., Ex. F, Stip. signed by Plaintiff's Counsel on July 19, 2005, ¶ 1.) The Court holds Plaintiff to its stipulation. *CIT Grp./Equip. Fin., Inc. v. Shapiro*, 09 CIV. 409 JPO, 2013 WL 1285269, at *5 (S.D.N.Y. Mar. 29, 2013) (holding a plaintiff to a stipulation as to the reasonable value of certain equipment).

In its August 1, 2014 letter, Plaintiff admits that it received distributions in the amount of $46,863.51 and $9,372.70 from the Eltron bankruptcy estate, in satisfaction of Eltron's debt. Accordingly, $56,236.21 is subtracted from the initial $468,635.14 debt, leaving a total of $412,398.93. Defendant is liable for half of that amount: **$206,199.47.**

## B. *Prejudgment Interest*

In its September 30, 2008 Order, this Court awarded Plaintiff prejudgment interest of 9% from October 3, 2003 through the entry of judgment, which was entered on October 10, 2008, totaling $130,620.92. (Dkt. 40, Clerk's Judgment). Under applicable law, Plaintiff is entitled to prejudgment interest as a matter of right.[1] However, it appears that in its motion for summary judgment, Plaintiff sought pre-judgment interest from February 2, 2007. (Dkt. 30-3, Plaintiff's Proposed Order.) Accordingly, the prejudgment interest award is corrected to run from the date sought by Plaintiff in its papers, February 2, 2007. Accordingly, Plaintiff is entitled, as a matter

---

[1] "Under New York C.P.L.R. § 5001, a creditor is entitled to prejudgment interest on all sums due, as of the date they became due." *HSH Nordbank AG New York Branch v. Swerdlow*, 08 CIV. 6131(DLC), 2010 WL 1141145, at *5 (S.D.N.Y. Mar. 24, 2010) *aff'd sub nom. HSH Nordbank AG New York Branch v. St.*, 421 F. App'x 70 (2d Cir. 2011) (summary order) (citing N.Y. C.P.L.R. § 5001; *Capital Ventures Int'l v. Republic of Argentina*, 552 F.3d 289, 296 (2d Cir. 2009). "'While awards of interest are generally discretionary, New York law does not permit the trial court to exercise any discretion where a party is entitled to prejudgment interest as a matter of right.'" *Id.* (quoting *Capital Ventures*, 552 F.3d at 296 (citation omitted in original)).

of law, to prejudgment interest of 9% per annum from February 2, 2007 until the date of entry of judgment, October 10, 2008.

### C. *Reasonable Attorney's Fees*

In this Court's September 30, 2008 Order, Plaintiff was awarded $35,781.54 in attorney's fees. Plaintiff now seeks an additional award of attorney's fees in the amount of $23,974.85, for representation between October 10, 2008 through August 31, 2009. Under the March 14, 1985 Guarantee Agreement between the parties, Plaintiff is entitled to "reasonable counsel fees incurred ... by reason of default in payment of [Eltron's] indebtedness." (Compl. Ex. 1.) Pursuant to this provision, the Court previously granted Plaintiff's request for attorney's fees. However, Defendant Schneider appealed, and prevailed on appeal, largely because Plaintiff sought an inflated damages figure and did not reveal to the Court that Plaintiff had received distributions from Eltron's bankruptcy estate reducing Plaintiff's debts. The additional years of litigation are attributable to Plaintiff's counsel's litigation tactics and could have been avoided if Plaintiff's counsel had been forthright with the Court. Accordingly, the additional attorney's fees sought are not "reasonable counsel fees incurred ... by reason of [Eltron's] default" and the application for an additional award of attorney's fees to Plaintiff is denied. ***Plaintiff is entitled to $35,781.54 in attorney's fees.***

## Conclusion

For the foregoing reasons, the Clerk of Court is respectfully directed to correct the October 10, 2008 judgment [Dkt. 40] as follows: Defendant, Barry A. Schneider, is liable to Philips Lighting Company in the amount of $206,199.46, plus $35,781.54 in attorney's fees, plus 9% interest per annum from February 2, 2007 until the date of entry of judgment, October 10, 2008.

**SO ORDERED.**

Judge Sandra L. Townes

/SANDRA L. TOWNES
United States District Judge

Brooklyn, New York
Dated: *August 28*, 2014