UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PHILIPS LIGHTING COMPANY,
a division of Philips Electronics North America
Corporation,

                                                               **ORDER**
                          Plaintiff,              05-cv-4820 (SLT) (MDG)

           - against-

BARRY A. SCHNEIDER,

                          Defendant.
-------------------------------------------------------------X
**TOWNES, United States District Judge:**

      This matter is currently before the Court on remand from the Second Circuit Court of Appeals. The case arises out of a 1985 agreement between Plaintiff Philips Lighting Company ("Plaintiff") and Defendant Barry A. Schneider ("Defendant"), in which Defendant agreed to personally guarantee certain debts of Eltron Supply, Ltd. ("Eltron"). Plaintiff has moved, pursuant to Rule 59(e) to alter this Court's August 28, 2014 Order. That order respectfully directed the Clerk of Court to enter a judgment as follows:

> Defendant, Barry A. Schneider, is liable to Philips Lighting Company in the amount of $206,199.46, plus $35,781.54 in attorney's fees, plus 9% interest per annum from February 2, 2007 until the date of entry of judgment, October 10, 2008.

For the following reasons, the motion is granted in part and denied in part. The judgment should, instead, read:

> Defendant, Barry A. Schneider, is liable to Philips Lighting Company in the amount of $206,199.46, plus $35,781.54 in attorney's fees, plus 9% interest per annum from October 3, 2003 until the date of entry of judgment, October 10, 2008.

The Court assumes the parties' familiarity with the underlying issues in the case. As relevant here, Plaintiff's complaint against Defendant and his brother, Theodore L. Schneider,

1

stated that "[a]s of October 3, 2003, a balance was due and owing by Eltron to Plaintiff" and "demand[ed] that judgment be entered in its favor and against Defendants for: A. $578,635.14; B. Pre-judgment interest; C. All attorney's fees, costs, and disbursements incurred by Plaintiff after October 3, 2003, including but not limited to all such amounts incurred by Plaintiff in connection with this action as authorized by law; and D. Such other and further relief as the Court may deem just and proper." (Compl. ¶ 13.) Plaintiff subsequently voluntarily dismissed Theodore from the action. (Dkt. No. 11.) After the close of discovery, Plaintiff moved for summary judgment against Defendant, which this Court granted. (Dkt. Nos. 30, 39.) In its motion for summary judgment, Plaintiff sought an inflated damages figure of "$788,042.87, plus interest at a rate of 9% per annum accruing on the principal balance since February 2, 2007, or in the alternative, for one-half (1/2) of the full amount of Philips' claim." (Dkt. No. 30 at 12.)

Defendant filed a Rule 60 motion, which this Court denied, contending that the summary judgment order should be vacated because, *inter alia*, Defendant's attorney disappeared in the midst of summary judgment proceedings and Plaintiff's counsel sought an inflated damages figure. (Dkt. Nos. 48, 55.) Defendant appealed from the denial of the Rule 60 motion. (Dkt. No. 58; 2d Cir. Dkt. 09-4144-cv.) Subsequently, Plaintiff's attorney sought a supplemental award of $23,974.85, for attorneys' fees and costs incurred between the grant of summary judgment and denial of Defendant's Rule 60 motion, for work undertaken in opposing the Rule 60 motion and in pursuit of enforcing the judgment. (Dkt. 56.) This Court granted Plaintiff's motion for a supplemental award of attorneys' fees and costs, (Dkt. No. 65), and a supplemental judgment in the amount of $23,974.85 in "reasonable attorneys' fees and expenses" was entered, (Dkt. No. 66). Defendant appealed from the entry of the supplemental judgment. (Dkt. No. 67; 2d Cir. Dkt 10-3379).

On appeal, Plaintiff's counsel filed an unopposed motion to consolidate the two appeals. (2d Cir. Dkt. 10-3379-cv, Dkt. No. 23.) By Order dated September 10, 2010, that motion was granted by the Second Circuit Court of Appeals. (2d Cir. Dkt. 09-4144-cv, Dkt. Entry dated 9/10/10.) By Summary Order dated October 12, 2010, the Second Circuit Court of Appeals vacated "the district court's order denying [Defendant's] Rule 60 motion and [remanded] for the district court to clarify the facts and to consider, in light of [the disappearance of Defendant's attorney and questions about the amount of damages sought by Plaintiff], whether the judgment should be vacated under Rule 60(b) and (d)." *Philips Lighting Co. v. Schneider*, 395 F. App'x 796, 799 (2d Cir. 2010). By this mandate, the Court of Appeals directed this Court to reconsider Defendant's Rule 60 motion.

By Order dated July 2, 2014, this Court ruled on Defendant's Post-Appeal Rule 60 Motion, denying Defendant's motion to vacate the Court's 2008 grant of summary judgment and reserving decision as to damages. (Dkt. No. 99.) By Order dated August 28, 2014, this Court amended the judgment (Dkt. No. 40) to decrease the amount of damages awarded to Plaintiff by the amount that Plaintiff previously received in satisfaction of Eltron's debt from other sources, about which Plaintiff neglected to notify the Court in its moving papers (Dkt. No. 99). In that Order, this Court also adjusted the date from which the statutorily mandated prejudgment interest would run to the date apparently sought in Plaintiff's summary judgment papers and reconsidered Plaintiff's request for attorneys' fees in the amount of $23,974.85 – the amount that was previously awarded to compensate Plaintiff for, *inter alia*, defending against the Rule 60 motion.

Plaintiff now moves to alter this Court's August 28, 2014 Order, on the grounds that it requested prejudgment interest from October 3, 2003 and that the Court of Appeals' limited

3

remand to this Court did not confer jurisdiction to consider the issue of supplemental attorneys' fees. Plaintiff is correct as to the date from which prejudgment interest should be calculated but is incorrect with respect to attorneys' fees.

Although Plaintiff sought "$788,042.87, plus interest at a rate of 9% per annum accruing on the principal balance since February 2, 2007," in an accompanying attorney certification, Plaintiff's counsel explained that the $788,042.87 figure included 9% interest on "a principal balance of $578,635.14 that was owed as of October 3, 2003." (Spector Cert. ¶ 2.) Although, the principal balance to which Plaintiff is entitled is far less than $578,635.14, it appears that Plaintiff's counsel did indeed seek prejudgment interest as of October 3, 2003. Accordingly, because Defendant has not opposed the award of prejudgment interest, the judgment should be adjusted such that statutorily mandated 9% per annum prejudgment runs from October 3, 2003.

As for attorney's fees, Plaintiff is not correct that this Court lacks jurisdiction to amend the supplemental attorney's fees order. That order compensated Plaintiff for defending against Defendant's Rule 60 motion. The Second Circuit vacated this Court's order denying the Rule 60 motion, ordering this Court to revisit the Rule 60 order, and with it, the attorneys' fees award predicated on that order. *See United States v. Rivera*, 844 F.2d 916, 921 (2d Cir. 1988) ("Simply put, jurisdiction follows the mandate.") (citing *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978) ("The effect of the mandate is to bring the proceedings in a case on appeal in [the Court of Appeals] to a close and to remove it from the jurisdiction of th[at] Court, returning it to the forum whence it came."). The Second Circuit did not follow the procedure set out in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994) for remanding a matter for factual clarification while retaining jurisdiction over other components of an appeal. Thus, contrary to Plaintiff's contention, the Circuit did not retain jurisdiction over the part of the consolidated

4

appeal concerning the supplemental attorney's fees. For this reason, the Court will not disturb the portion of its August 28, 2014 Order vacating the supplemental attorneys' fees award.

## Conclusion

This Court's August 28, 2014 Order [Dkt No. 103] is amended to read:

> Defendant, Barry A. Schneider, is liable to Philips Lighting Company in the amount of $206,199.46, plus $35,781.54 in attorney's fees, plus 9% interest per annum from October 3, 2003 until the date of entry of judgment, October 10, 2008.

The portion of this Court's August 28, 2014 Order [Dkt No. 103] addressing supplemental attorneys' fees and costs is undisturbed, and the supplemental attorneys' fees award remains vacated [Dkt. No. 66].

**SO ORDERED.**

S/
/SANDRA L. TOWNES
United States District Judge

Dated: September 26, 2014
Brooklyn, New York

5